**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and
Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

March 31, 2020

The Honorable Raymond J. Dearie
Senior United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: *United States v. Vladislav Khalupsky*, 15 CR 381 (RJD)

Your Honor:

      I write to request that the Court recommend to the Bureau of Prisons (BOP) that Mr. Khalupsky be released from custody to community corrections and home confinement as soon as the Director of the BOP deems appropriate, and further recommend that to accomplish this, the BOP give Mr. Khalupsky credit for time spent in custody in Ukraine, awaiting extradition. We make this request given the current COVID-19 pandemic. The government takes no position with respect to this request.

      Mr. Khalupsky's projected release date is currently June 29, 2021. 18 U.S. C §3624(c)(1), permits the Director of the Bureau of Prisons to ensure a prisoner to "spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility." The statute goes on to hold in §3624(c)(2) that "the authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph."

      Now, pursuant to the Coronavirus Aid Relief and Economic Security (CARES) Act section 12003(b)(2), 18 U.S.C. §3624(c)(2) has been amended to provide that "[d]uring the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

      Reviewing these statutes and the emergency modification, Mr. Khalupsky could be released to community confinement or home detention as soon as June 29, 2020. Were Mr. Khalupsky to be given credit for the time he spent in custody in Ukraine pending a bond determination in his extradition case, the period from February 17, 2017 through March 6, 2017, he could be eligible for release even sooner.

Mr. Khalupsky has used his time in custody to take advantage of all of the prison programs available to him. As detailed in the email attached to this request, Mr. Khalupsky completed the 500 hour RDAP program for his alcoholism on February 24, 2020. He also completed the following courses:

-Yeshiva in Prison
-Employment Skills
-Introduction to Real Estate Development
-Home Finance, and
-Money Management.

Additionally, Mr. Khalupsky was found eligible for First Step Act release by the BOP with the minimum recidivism risk level, 0, the lowest an inmate can receive.

While Mr. Khalupsky personally suffers from no conditions that would make him a risk for severe illness if he contracted COVID-19, prior to his surrender for service of sentence, Mr. Khalupsky cared for his grandmother and his father. Mr. Khalupsky's grandmother is 100 years old, and his father is 72; their ages put them both into the high risk category. Mr. Khalupsky's father also suffers from a number of underlying illnesses that would increase his risk for severe illness if he contracted COVID-19, including high blood pressure, heart disease, and diabetes. If Mr. Khalupsky were released to the community as soon as possible, he could return to his family's apartment in Brooklyn and care for his grandmother and his father, potentially keeping them out of the hospital. This is a very important consideration given no one knows how long restrictive community conditions will be in place or how long the risk of infection in the community will last. Additionally, Mr. Khalupsky's release into the community as soon as possible will reduce the number of inmates in the federal prison system, allowing increased social distancing among the remainder, and reducing the strain on federal medical facilities in the prison should he contract COVID-19 while in custody.

18 U.S.C. §3621(b)(4)(B) permits the Court to recommend to the BOP "a type of penal or correctional facility as appropriate." That recommendation is permitted post sentencing, after the filing of the judgment. As detailed in *United States v. Patterson*, 2019 WL 127962, *2 (E.D.VA, 2019)(gathering cases) "while the court may not modify the original judgment or otherwise order the BOP to grant pre-release time in response to a defendant's post-sentencing motion, it may issue a non-binding recommendation. Because such a recommendation is advisory only, it does not run afoul of the limitations on modifying sentences contained in 18 U.S.C. § 3582 and Fed. R. Crim. P. 35, and because 18 U.S.C. § 3621(b) directs the BOP to consider *any* statement by the court that imposed the sentence—not just statements made at the time of sentencing—the court may issue such a recommendation later." (internal quotations and citations omitted). *See also United States v. Pineyro*, 112 F3d 43, 54 (2d Cir. 1997)(assuming in its decision that the sentencing court had the ability to make a post judgment sentencing recommendation.

For these reasons, we ask the Court to issue a recommendation to the Bureau of Prisons, pursuant to 18 U.S.C. §3621(b)(4)(B), that the Bureau of Prisons designate Mr. Khalupsky to

community corrections or home confinement for the maximum period permitted under 18 U.S.C. §3426(c) to adjust and prepare for re-entry into the community.

  We further ask that the Court recommend that the Bureau of Prisons consider the prison in Ukraine where Mr. Khalupsky awaited bond on extradition be considered a recommended correctional facility for Bureau of Prisons purposes.  We ask the Court for this recommendation so that Mr. Khalupsky may receive credit for time spent in custody there towards his federal prison sentence.

  We enclose a proposed recommendation for the Court's consideration.

              Respectfully submitted,

              Mildred M. Whalen
              LaKeytria W. Felder
              The Federal Defenders of New York
              Attorneys for Mr. Khalupsky
              (718) 330-1290

enc.

cc: Assistant U.S. Attorney Julia Nestor, Esq. (Via ECF and email)
   Assistant U.S. Attorney Richard Tucker, Esq. (Via ECF and email)
   Assistant U.S. Attorney David Gopstein, Esq. (Via ECF and email)

ECF