**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

July 1, 2022

By ECF and E-Mail
The Honorable Raymond J. Dearie
Senior United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: *United States v. Vladislav Khalupsky*, 15 Cr. 381 (RJD)

Dear Judge Dearie:

      I respectfully request that this Court terminate Mr. Khalupsky's supervised release, pursuant to 18 U.S.C. § 3583(e)(1) and Fed. R. Crim. P. 32.1(c)(2)(B). Probation has no objection to this request. The government also has no objection.[1]

      Mr. Khalupsky has now completed one year of his two-year term of supervision and has been in perfect compliance with its terms. He was diagnosed with stage 4 pancreatic cancer last month and has begun weekly chemotherapy. In light of this diagnosis, Mr. Khalupsky would very much like to travel to Ukraine to visit his mother and grandmother's graves as soon as possible. Termination of supervised release will make this travel possible.

Factual Background

      Mr. Khalupsky was sentenced by this Court to a 48-month term of imprisonment after being convicted by a jury of fraud and money laundering. He had no disciplinary issues while in custody. He enrolled in every program available to him at the BOP, completing the 500-hour RDAP program recommended by the Court to help address his alcoholism, as well as courses in Yeshiva in Prison; Employment Skills; Introduction to Real Estate Development; Home Finance; and Money Management. While he was incarcerated, his grandmother passed away from cancer and he was unable to attend her funeral. *See* Exhibit A, Letter of Daniel Khalupsky; Exhibit B, Letter of Marina Khalupskaya.

      The BOP deemed Mr. Khalupsky eligible for release to home confinement, pursuant to the First Step Act, during the height of the COVID-19 pandemic, and he served the final year of

---

[1] The government notes that in its view the request to travel, standing alone, would not warrant termination, but given all of the circumstances present in this particular case, it has no objection to early termination.

1

his custodial term on home confinement. During this final year, he was able to attend weekly group and individual counseling sessions focused on substance abuse and recovery and he obtained employment as a home health aide to his father, who is now 75 years old and suffering from bipolar disorder, diabetes, and hypertension. *See id.*

      Mr. Khalupsky began his two-year term of supervised release on June 9, 2021. He has been in perfect compliance with every requirement of supervision. Perhaps most importantly, he has maintained his sobriety. *See id.* He has continued his work as a home health aide to his father and made all requested payments toward restitution and forfeiture. He has maintained his strong family relationships and friendships. *See id.; see also* Exhibit C, Letter of Andrey Bystrievskyy. His son Daniel, whom he stayed very close to during his incarceration, is now studying at the London School of Economics.

      In recognition of his perfect compliance while on supervision, Mr. Khalupsky has been placed in the low-intensity supervision unit by Probation, requiring him to check in online monthly. He has begun exploring other employment options that would allow him to work outside the home in a more intellectually challenging context. He was recently offered a job at a recycling and plastic waste company. The job requires him to have the ability to travel within the United States.

      Just last month, after going to the doctor for stomach pains, he was diagnosed with stage 4 pancreatic cancer. *See* Exhibit D, Diagnosis and Lab Reports. Pancreatic cancer has one of the lowest five-year survival rates of all major cancers. https://www.hopkinsmedicine.org/health/conditions-and-diseases/ pancreatic-cancer/pancreatic-cancer-prognosis. The average patient diagnosed with late-stage pancreatic cancer will live for about 12 months after diagnosis. *Id*. Most cases are diagnosed at later, difficult-to-treat stages because prior to the cancer spreading there are little to no symptoms. *Id.* Mr. Khalupsky's son writes that "[d]espite of his [father's] initial visit to the doctor, several months ago, the cancer was not identified and he was instead prescribed antibiotics under the assumption that the pains were caused by an infection. This misdiagnosis has forced my father to endure severe pain during this period." *See* Exhibit A. Mr. Khalupsky started weekly chemotherapy the week of June 13, 2022. Each period of treatment is followed by a rest period to give patients time to recover from the intense side effects (nausea, loss of appetite, hair loss, mouth sores) of the therapy. https://www.cancer.org/cancer/pancreatic-cancer/treating/chemotherapy.html.

      Mr. Khalupsky is only 51 years old. This diagnosis has stunned him and his family. Mr. Khalupsky's priority is being able to visit his grandmother's grave in Ukraine for the first time, and his mother's grave as well. He also wants to be able to gather family belongings, including family photos and possessions, still in Ukraine.

Legal Framework

      Section 3583(e)(1) provides that this Court, after considering the 18 U.S.C. § 3553(a) factors, may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." "[E]xceptionally

good behavior by the defendant" may "render a previously imposed term… of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a). In such cases, the court may invoke… [§ 3583(e)(1)], which 'works to the advantage of the defendant,'… to discharge the defendant from supervised release." *Id*. Moreover, "The court is encouraged to exercise this authority in appropriate cases." U.S.S.G. § 5D1.2 cmt. n.5.

"'Supervised release is not, fundamentally, part of the punishment; rather, its focus is rehabilitation.'" *United States v. Bethea*, 2015 WL 13776431, at *1 (S.D.N.Y. Dec. 7, 2015) (quoting *United States v. Aldeen*, 792 F.3d 247, 252 (2d Cir. 2015)) (termination after 36 months of 60-month term; conviction for conspiracy to possess with intent to distribute crack, §§ 841(a)(1), 841(b)(1)(A) and 846). That is, "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). Courts have accordingly granted early termination of supervised release in light of rehabilitative efforts and good conduct. *See, e.g., United States v. Thomas*, 346 F. Supp. 3d 326, 335 (E.D.N.Y. 2018); *United States v. Sam*, No. 16-cr-184 (JGK), 2018 WL 836055, at *1 (S.D.N.Y. Feb. 12, 2018); *United States v. Wood*, No. 88-cr-723 (CPS), 2009 WL 3259422, at *2 (E.D.N.Y. Oct. 8, 2009).

The Goals of Supervision Have Been Achieved And No Further Supervision Is Warranted

Here, supervision has accomplished the objective of rehabilitation. Mr. Khalupsky has maintained perfect behavior throughout the 12 months he has been on supervised release. He has maintained his sobriety, worked full-time, and maintained strong, stable relationships with friends and family. He has consistently satisfied his financial obligations. He has been diagnosed with an aggressive form of cancer and is receiving chemotherapy. Further supervision would prevent him from focusing on his recovery, from traveling to his family's home country, Ukraine, and from obtaining employment that requires regular interstate travel. Termination of Mr. Khalupsky's supervised release would allow him to make the most of his time and focus on his recovery.

Accordingly, we request that the Court terminate Mr. Khalupsky's supervised release.

Respectfully Submitted,

/s/
Alisa Hoban
Legal Intern
Deirdre D. von Dornum
Attorney-in-Charge
Federal Defenders of New York

Cc:  AUSA David Gopstein
U.S. Probation Officer Vincent Danielo
Vladislav Khalupsky